UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

CARPENTERS LABOR-MANAGEMENT PENSION FUND,
101 Constitution Avenue, N.W.
Washington, D.C. 20001

and

MICHAEL CAPELLI, DENNIS DONAHOU, RICHARD TRAVIS and KEVIN LONG as Trustees of the CARPENTERS LABOR-MANAGEMENT PENSION FUND,
101 Constitution Avenue, N.W.
Washington, D.C. 20001

    Plaintiffs,

v.

BUFFALO VENEER & PLYWOOD COMPANY, INC., a Minnesota corporation, also known as BUFFALO VENEER & PLYWOOD CO.
501 6th Avenue NE
Buffalo, MN 55313

    Defendant.

Case No.

## COMPLAINT

Plaintiff, Carpenters Labor-Management Pension Fund ("Pension Fund"), and Plaintiffs, Andris J. Silins, Dennis Donahou, Richard Travis and Kevin Long ("Trustees"), in their capacities as fiduciaries with respect to the Pension Fund (together, the "PLAINTIFFS"), by and through the undersigned counsel, on knowledge and on information and belief, complain of BUFFALO VENEER & PLYWOOD COMPANY, INC., a Minnesota corporation, also known as BUFFALO VENEER & PLYWOOD CO. ("DEFENDANT") as follows:

### JURISDICTION

1.     This action arises under Section 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1145, Section 301

of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185, and as a federal question under 28 U.S.C. § 1331. Pursuant to those provisions, and pursuant to Section 502 of ERISA, 29 U.S.C. § 1132, jurisdiction over this action properly lies with this Court.

## VENUE

2. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), as the Pension Fund is administered in the District of Columbia, and Article XIII, Section 13.5, of the Pension Fund's Trust Agreement provides that the District of Columbia shall be deemed the situs of the Pension Fund.

## PARTIES

3. PLAINTIFF Pension Fund is a multiemployer pension benefit plan within the meaning of Sections 3(2), 3(37), 402, and 403 of ERISA, 29 U.S.C. §§ 1002(2), 1002(37), 1102 and 1103.

4. PLAINTIFFS Trustees are Trustees of the Pension Fund, and are fiduciaries with respect to such Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

5. In accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and Sections 402 and 403 of ERISA, 29 U.S.C. §§ 1102 and 1103, the Pension Fund was established and is maintained pursuant to the Agreement and Declaration of Trust of the Carpenters Labor-Management Pension Fund (the "Trust Agreement"), originally made and entered into on September 22, 1971, and amended from time to time, to provide retirement benefits to eligible employees covered by collective bargaining agreements with local unions affiliated with the United Brotherhood of Carpenters and Joiners of America.

6. The Trustees and the Pension Fund bring this action, in their respective capacities, under ERISA Sections 502(a)(3), 502(d)(1), 502(g)(2), and 515,

29 U.S.C. §§ 1132(a)(3), 1132(d)(1), 1132(g)(2), and 1145.

7. Upon information and belief, DEFENDANT BUFFALO VENEER & PLYWOOD COMPANY, INC., a Minnesota corporation, also known as BUFFALO VENEER & PLYWOOD CO. is a for-profit corporation, incorporated under the laws of Minnesota, doing business in the State of Minnesota and has a principal place of business at 501 6th Avenue NE, Buffalo, Minnesota.

8. DEFENDANT is an "Employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and engaged in the carpentry trade, and is therefore in an industry affecting commerce within the meaning of Section 3(12) of ERISA, 29 U.S.C. § 1002(12).

## ALLEGATIONS

9. DEFENDANT is bound to a Collective Bargaining Agreement (the "CBA") between the Buffalo Veneer & Plywood Company, Inc. and Carpenters Industrial Council or its Successors', United Brotherhood of Carpenters and Joiners of America. A true and correct copy of the CBA is attached hereto as Exhibit "1".

10. Upon information and belief, DEFENDANT has assumed certain reporting and contribution obligations relating to the CBA.

11. The CBA sets forth the rate at which DEFENDANT agrees to make contributions to the Pension Fund on behalf of its employees.

12. Pursuant to the CBA, DEFENDANT agrees to be bound by the Pension Fund's Trust Agreement and all procedures established pursuant to the Trust Agreement (CBA and Trust Agreement collectively referred to as "AGREEMENTS" throughout).

13. Article V of the Trust Agreement sets forth the contribution obligations of participating Employers.

14. Article V, Section 5.1 of the Trust Agreement requires an Employer, such as

DEFENDANT, to contribute to the Pension Fund the amount set forth in the applicable CBA.

15. Article V, Section 5.5 of the Trust Agreement requires an Employer to submit Employer's Monthly Report ("REPORTS") on contributions to the Pension Fund, and states that "[t]he Trustees may at any time have an audit made of the payroll and wage records of any Employer in connection with said contributions and/or reports."

16. Article V, Section 5.4 of the Trust Agreement provides that the Trustees may require an Employer that defaults in payment of any required contributions for thirty working days to pay a reasonable rate of interest, to be set by the Trustees, from the date the payment was due to the date the payment is made, and to pay such liquidated damages as the Trustees may set, together with all expenses incurred by the Trustees in collecting the unpaid contributions.

17. As authorized by Article V of the Trust Agreement, the Trustees have adopted certain procedures to monitor and enforce the reporting and contribution requirements of the AGREEMENTS (the "Collection Procedures").

18. Article III, paragraph (a) of the Collection Procedures provides that an Employer shall be considered delinquent if the REPORTS or contributions are not received by the Pension Fund by the first business day on or after the fifteenth day of the month, following the month in which the relevant hours were worked.

19. Article III, paragraph (c)(1) of the Collection Procedures specifies that the interest rate assessed by the Trustees on delinquent contributions shall be 1.5 percent per month.

20. Article III, paragraph (c)(4) of the Collection Procedures specifies that if legal action is taken against a delinquent Employer to collect delinquent contributions, the delinquent Employer shall be charged liquidated damages,

4

audit fees, attorneys' fees, and costs incurred by the Pension Fund.

21. Article III, paragraph (c)(3) of the Collection Procedures specifies that liquidated damages shall equal the greater of $750.00 or 20 percent of the delinquent contributions.

22. Article IV, paragraph (a) of the Collection Procedures provides that it is the policy of the Trustees to audit Employers to determine whether the Employers have satisfied their reporting and contribution obligations to the Pension Fund.

23. Article IV, Paragraphs (e)(2) of the Collection Procedures specifies that if payment of delinquent contributions and interest is not made within thirty days of notification thereof, the costs of an audit will be charged to the Employer.

## FIRST CLAIM FOR DELINQUENT CONTRIBUTIONS AND OTHER RELIEF

24. The allegations contained in Paragraph 1 through 23 are hereby incorporated as if stated in full.

25. PLAINTIFFS caused an audit to be conducted of DEFENDANT's payroll records which resulted in findings owed for unpaid contributions by DEFENDANT in the amount of $116,054.55, plus interest and liquidated damages, for a total outstanding balance due of &174,161.75. This balance is documented in the "Compliance Audit Report" dated June 14, 2018 and attached hereto as Exhibit "2".

26. This "Compliance aUDIT Report" was then sent to DEFENDANT for their review and to dispute any of the audit findings. DEFENDANT did not dispute the audit invoice, which confirms that DEFENDANT failed to properly report and make contributions pursuant to the terms of the AGREEMENTS.

27. Subsequent to their receipt and review of the audit invoice, DEFENDANT

made payments to PLAINTIFFS toward the outstanding audit balance. The current amount remaining owed is $123,182.79. A true and correct copy of the Balance Breakdown is attached hereto as Exhibit "3".

28. The Pension Fund has issued demands upon DEFENDANT demanding that the DEFENDANT comply with its statutory and contractual obligations and remit the delinquent contributions, with accrued interest, as required under the AGREEMENTS.

29. DEFENDANT has not complied with the Pension Fund's demands.

30. On June 25, 2018, the Pension Fund, through counsel, issued a further demand upon DEFENDANT demanding that the DEFENDANT immediately remit the delinquent contributions, with accrued interest. On January 10, 2020, a default email was also sent to DEFENDANT by fund Counsel after they stopped submitting payments towards the outstanding balance.

31. DEFENDANT has not complied with the Pension Fund's counsel's demand letter or default email.

32. To date, DEFENDANT remains delinquent and has failed to pay the full contribution deficiency, and accrued interest, as required by the terms and conditions of the AGREEMENTS.

33. DEFENDANT's failure to comply with its contribution obligations under the AGREEMENTS has resulted in DEFENDANT currently owing the Pension Fund the principal sum of $123,182.79. In addition, interest is due on this amount.

34. DEFENDANT currently continues to fail to submit and pay its REPORTS. It is PLAINTIFFS' information and belief that DEFENDANT was and is performing work covered under the CBA during this period.

35. DEFENDANT's delinquency has also resulted in DEFENDANT owing the Pension Fund reasonable attorneys' fees and costs in bringing this action to enforce the Pension Fund's rights.

## SECOND CLAIM FOR RELIEF
## FOR INJUNCTIVE RELIEF

36. PLAINTIFFS reallege and incorporate herein by reference each and every allegation contained in Paragraphs 1 through 35 herein and allege a Second Claim for Relief as to DEFENDANT for Injunctive Relief as follows:

37. ERISA section 502(a) provides in part: "A civil action may be brought . . . (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan. . . ."

38. Additionally, section 515 of ERISA (29 U.S.C. § 1145), as amended provides "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement".

39. DEFENDANT has failed to submit REPORTS and/or remit full contributions to the Pension Fund for the periods of January 2014 through May 2018 (audit period), and June 2018 through August 2018 (reports period) In addition, DEFENDANT has failed to furnish REPORTS or remit contributions to the Pension Fund for the months of September 2019 through the present.

40. As a result of the DEFENDANT's failure to pay contributions on the dates on which its contributions were due, DEFENDANT has become indebted to the Pension Fund for contributions, liquidated damages, and interest.

41. DEFENDANT's failure to promptly pay its delinquencies to the Pension Fund on the dates on which such contributions were due is a violation of the AGREEMENTS.

42. DEFENDANT's delinquencies to PLAINTIFFS have occurred from January 2014 and are continuing.

43. DEFENDANT will continue to refuse or fail to timely pay contributions to

the Pension Fund and thereby create future unpaid delinquencies during the remaining terms of the AGREEMENTS. Unless DEFENDANT is enjoined from failing to make its contributions and restrained from incurring delinquencies, the Pension Fund will suffer irreparable injury for which there is no adequate remedy at law since, among other things, the Pension Fund will be required to bring a multiplicity of actions at law to recover the delinquencies as they occur, to the Pension Fund's great expense and hardship. Further, unless DEFENDANT is so enjoined, based on experiences with other similarly situated Employers, the Pension Fund has little prospect of ever collecting on the additional delinquencies incurred as such Employers frequently petition for bankruptcy, dissolve or otherwise cease doing business as a result of the financial difficulties involved in their delinquencies, and the Pension Fund is unable thereafter to collect delinquencies thus owing.

## THIRD CLAIM FOR RELIEF
## FOR SPECIFIC PERFORMANCE FOR MISSING REPORTS

44. PLAINTIFFS reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 43 herein and allege a Third Claim for Relief against DEFENDANT for Specific Performance for Missing Reports as follows:

45. This action for Specific Performance arises and jurisdiction of the court is founded on section 301 of the Labor-Management Relations Act of 1947 ("LMRA") (29 U.S.C. §185) and Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended (29 U.S.C.A §1132).

46. The AGREEMENTS require DEFENDANT to complete and submit REPORTS stating the amount of contributions owed along with fringe benefit contributions to the Pension Fund.

47. The DEFENDANT has failed to submit REPORTS and contributions for the

following period: September 2019 through the present.

48. The Pension Fund has no adequate or speedy remedy at law, as the Pension Fund is unable to calculate the amount owing.

**WHEREFORE**, Plaintiffs pray that the following relief be granted:

- An injunction enjoining DEFENDANT from violating the terms of the AGREEMENTS;
- A judgment be entered against DEFENDANT for delinquencies owed to the Pension Fund in the amount of $123,182.79;
- A judgment for interest on all amounts due the Pension Fund, from the date they became due and until paid, at the rate of 18 percent per annum, in accordance with the Trust Agreement and the Collection Procedures;
- A judgment for attorneys' fees, court costs, and other costs incurred in connection with this action;
- A judgment for submission and payment of unfiled reports, for the period of September 2019 through the present, and an order that DEFENDANT timely submit and fund all future monthly REPORTS moving forward.
- Such other further relief as the Court deems just and proper.

Dated: March 5, 2020

Brian F. Quinn, Esq. D.C. Bar No. 447619
a member of
DeCARLO & SHANLEY,
a Professional Corporation
101 Constitution Ave., N.W.
Tenth Floor
Washington, DC 20001
Telephone (202)589-1151
Telecopier (202)589-0105
Email: bquinn@deconsel.com