UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARPENTERS LABOR-MANAGEMENT PENSION FUND, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>BUFFALO VENEER & PLYWOOD COMPANY, INC.,<br><br>Defendant. | Case No. 1:20-cv-00670 (TNM) |

## MEMORANDUM OPINION

For seven months, Plaintiffs have pressed their action under the Employee Retirement Income Security Act ("ERISA") without response from the Defendant, Buffalo Veneer & Plywood Company, Inc. ("Buffalo Veneer"). They now move for a default judgment against Buffalo Veneer. For the following reasons, the motion will be granted.

### I.

Plaintiffs are a pension fund and its trustees (collectively, the "Pension Fund"). Compl. ¶¶ 3–4, ECF No. 1. The Pension Fund provides retirement benefits to employees covered under collective bargaining agreements with local unions affiliated with the United Brotherhood of Carpenters and Joiners of America. *See id.* ¶ 5.

Buffalo Veneer entered into one such collective bargaining agreement ("CBA"). *See id.* ¶ 9; *id.* Ex. 1, ECF No. 1-1. Under its CBA, Buffalo Veneer must comply with the Pension Fund's Restated Agreement and Declaration of Trust ("Trust Agreement"). Compl. ¶ 12. The Trust Agreement requires employers such as Buffalo Veneer "to contribute to the Pension Fund

1

the amount set forth in the applicable CBA" and submit monthly reports of these contributions. *Id.* ¶¶ 14–15.

The Trust Agreement also establishes procedures to "monitor and enforce the reporting and contribution requirements." *Id.* ¶ 17. Employers are subject to audits. *Id.* ¶ 15. And the Pension Fund may assess a 1.5 percent interest rate on all delinquent contributions.[1] *Id.* ¶¶ 16, 19. In the event of litigation, the Pension Fund also can collect liquidated damages totaling the greater of $750 or 20 percent of the delinquent contributions and attorney's fees. *See id.* ¶¶ 16, 20–21.

The Pension Fund audited Buffalo Veneer's payroll records from January 2014 through May 2018 and discovered that Buffalo Veneer had failed to make its required contributions to the Pension Fund. *See id.* ¶ 25; *id.* Ex. 2, ECF No. 1-2. The Pension Fund sent the audit findings to Buffalo Veneer, which then made some payments toward the outstanding balance but not the full amount. *See* Compl. ¶¶ 26–27. The Pension Fund has issued multiple demands to Buffalo Veneer to pay the remaining balance, but Buffalo Veneer has not complied. *See id.* ¶¶ 28–31. The Pension Fund also alleges that Buffalo Veneer submitted no reports on its contributions between September 2019 through the present. *Id.* ¶ 39.

The Pension Fund filed this action under ERISA and the parties' agreements seeking to recover the rest of the delinquent contributions and to enforce Buffalo Veneer's reporting obligations. *See id.* ¶¶ 6, 24–48. Despite timely service, Buffalo Veneer never responded to the Complaint.

---

[1] A contribution or report is considered "delinquent" if the Pension Fund does not receive it "by the first business day on or after the fifteenth day of the month, following the month in which the relevant hours were worked." Compl. ¶ 18.

At the Pension Fund's request, the Clerk entered default against Buffalo Veneer. *See* Suppl. Req. to Enter Default, ECF No. 10; Default, ECF No. 11.  Buffalo Veneer has not moved to set aside this default.  The Pension Fund then filed this default judgment motion.  *See* Pls.' Mot. for Default J. ("Pls.' Mot."), ECF No. 13.

## II.

Federal Rule of Civil Procedure 55 governs the process for default judgments.  First, the Clerk of Court enters a default on the docket if the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."  Fed. R. Civ. P. 55(a).  The plaintiff then moves for a default judgment under Rule 55(b).

In assessing a default judgment motion, courts conduct a liability and damages inquiry.  The liability inquiry is limited.  The "defaulting defendant is deemed to admit every well-pleaded allegation in the complaint."  *Fanning v. Permanent Sol. Indus.*, 257 F.R.D. 4, 7 (D.D.C. 2009) (cleaned up).  If a court imposes liability, it then "must make an independent evaluation of the sum to be awarded unless the damages are certain."  *Serv. Emps. Int'l Union Nat'l Indus. Pension Fund v. Liberty House Nursing Home of Jersey City, Inc.*, 232 F. Supp. 3d 69, 76 (D.D.C. 2017).

## III.

### A.

Default judgment is appropriate here.  It has been seven months and Buffalo Veneer has yet to enter the fray.  It did not respond to the Complaint or this default judgment motion, and it has not moved to set aside the Clerk's default entry.  *Accord Fanning v. AMF Mech. Corp.*, 326 F.R.D. 11, 14 (D.D.C. 2018).  From here, the Court need only determine whether the Pension Fund's allegations are well-pleaded.  They are.

ERISA requires employers to contribute to multiemployer pension plans based on the terms of collective bargaining agreements. *See* 29 U.S.C. § 1145. The Pension Fund alleges that Buffalo Veneer entered into the CBA, which requires contributions to the Pension Fund. *See* Compl. ¶¶ 9–14; *id.* Ex. 1, Article 24. And yet, the audit from January 2014 to May 2018 revealed that Buffalo Veneer failed to remit these contributions. Compl. ¶ 39.

More, the Pension Fund offers the audit findings of Buffalo Veneer's payroll records. *See id*. Ex. 2. Lezlee Wall, the Pension Fund's Client Service Manager, also attests to the missing contributions. *See* Aff. of Client Service Manager Lezlee Wall ("Wall Aff."), ECF No. 13-2. Thus, the allegations and documentary evidence establish Buffalo Veneer's liability for its contribution obligations. *Accord AMF Mech. Corp.*, 326 F.R.D. at 14.

The Pension Fund also alleges that Buffalo Veneer agreed to certain reporting requirements related to its payments. *See* Compl. ¶ 10; Wall Aff. Ex. 2, § 5.6, ECF No. 13-4. But it failed to submit these reports from September 2019 through the present. *See* Compl. ¶ 39; Wall Aff. ¶ 6. These allegations establish Buffalo Veneer's liability for failure to meet its reporting obligations.

**B.**

Now to the damages Buffalo Veneer owes. ERISA authorizes the following damages for actions related to delinquent contributions: "(1) the unpaid contributions; (2) interest on the unpaid contributions; (3) an amount equal to the greater of either interest on the unpaid contributions or liquidated damages; (4) reasonable attorney's fees and costs; and (5) other appropriate relief." *Flynn v. Mastro Masonry Contractors*, 237 F. Supp. 2d 66, 70 (D.D.C. 2002). The first three are "'sums certain'" based on the parties' agreements. *Id.* But attorney's fees are not because "the reasonableness of the fees requested by the plaintiff is a judgment call

which only the court can make." *Id.* (cleaned up).  In assessing damages, courts can rely on "detailed affidavits or documentary evidence." *Boland v. Providence Const. Corp.*, 304 F.R.D. 31, 36 (D.D.C. 2014) (cleaned up).  And the plaintiff must prove the damages sought "to a reasonable certainty." *Boland v. Elite Terrazzo Flooring*, 763 F. Supp. 2d 64, 68 (D.D.C. 2011).

The Pension Fund seeks to recover $113,003.26 in damages, which includes $65,812.89 in delinquent contributions, $13,162.57 in liquidated damages, $30,258.05 in interest, and $3,769.75 in attorney's fees.  Pls.' Mot. at 2; Wall Aff. ¶ 11.  The Pension Fund's evidence proves each of these damages with reasonable certainty.

Buffalo Veneer paid some, but not all, of its outstanding balance after receiving the audit findings.  *See* Compl. ¶¶ 26–27.  The Pension Fund submitted documentation showing that Buffalo Veneer remitted no contributions for the period October 2016 through August 2018, which totals $65,812.89.  *See* Wall Aff. Ex. 7, ECF No. 13-9.  This amount is also supported by the audit findings and unpaid reports that list the contributions owed each month during this period.  *See* Wall Aff. Exs. 5, 6, ECF Nos. 13-7, 13-8.  The Court will award $65,812.89 in damages for the delinquent contributions.

Next, the Pension Fund requests interest on the outstanding contributions.  *See* Pls.' Mot. at 2.  Under ERISA, the Pension Fund can collect interest at a rate determined by the governing CBA.  *See* 29 U.S.C. § 1132(g).  And Buffalo Veneer agreed under its CBA that delinquent contributions are assessed a monthly interest rate of 1.5 percent.  *See* Wall Aff. Ex. 2, § 5.5; *id.* Ex. 3, Article III(c)(1), ECF No. 13-5.  Ms. Wall's affidavit and the other supporting documentation show that Buffalo Veneer incurred $30,258.05 in interest under this rate based on the $65,812.89 in delinquent contributions.  *See* Wall Aff. ¶ 10; *id.* Ex. 7.  The Pension Fund is entitled to this interest.

5

More, the Pension Fund may collect liquidated damages totaling the greater of $750 or 20 percent of delinquent contributions.  *See* Wall Aff. Ex. 3, Article III(c)(3); 29 U.S.C. § 1132(g)(2)(C)(ii).  Since it proved delinquent contributions totaling $65,812.89, the Court will award $13,162.57—20 percent of this amount—in liquidated damages.  *See* Wall Aff. ¶ 9; *id.* Ex. 7.

The Court also will grant the $3,769.75 in attorney's fees.  *See* Pls.' Mot. at 2; 29 U.S.C. § 1132(g)(2)(D).  The Pension Fund's attorneys submitted their bills showing their hourly fees and the tasks they performed for this litigation.  *See* Aff. of Brian Quinn Ex. 8, ECF No. 13-11.  The attorneys charged $190/hour for their work and the paralegal charged $55/hour, *see id*. at 6, rates that are well within the norm for such services in this district, *see Boland v. Smith & Rogers Constr. Ltd.*, 201 F. Supp. 3d 144, 149 (D.D.C. 2016) (awarding attorney's fees where attorney charged $590/hour and paralegal charged $170/hour); *Fanning v. Seneca One Realty LLC*, 265 F. Supp. 3d 31, 35 (D.D.C. 2017) (awarding attorney's fees where attorney billed at $280/hour).  They attested that the fees and tasks reflected in the bills were accurate.  *See* Aff. of Brian Quinn ¶ 4, ECF No. 13-10; Aff. of Casey Jensen ¶ 3, ECF No. 13-12; Aff. of Roberta Olson ¶ 2, ECF No. 13-13.  Based on this evidence, the Court finds that these fees were justified and reasonable for the Pension Fund to pursue its action against Buffalo Veneer.

Finally, the Pension Fund seeks an injunction compelling Buffalo Veneer to comply with its reporting and contribution obligations.  *See* Compl. ¶¶ 36–43.[2]  ERISA authorizes courts to award "other legal or equitable relief as [it] deems necessary."  29 U.S.C. § 1132(g)(2)(E).  In this district, "courts have awarded injunctions requiring an employer to comply with its

---

[2] The default judgment motion contains only a few references to the injunctive relief.  But the Court will still address it because the Pension Fund moves for the "relief requested in the Complaint."  Pls.' Mot. at 1.

obligations under ERISA and collective bargaining agreements." *Smith & Rogers Constr.*, 201 F. Supp. 3d at 150 (citing cases).

To date, Buffalo Veneer has flouted its obligations under ERISA and the parties' agreements. It ignored its contribution responsibilities from October 2016 through August 2018 and its monthly reporting requirement from September 2019 through the present. The Pension Fund sent multiple demands for Buffalo Veneer to comply with these obligations, but Buffalo Veneer has failed to do so. *See* Compl. ¶¶ 28–31. And it remains noncompliant to this day. *See id*. ¶¶ 32, 34; Wall Aff. ¶¶ 5, 7. Buffalo Veneer "has demonstrated no willingness to comply with either its contractual or statutory obligations or to participate in the judicial process." *Carpenters Lab.-Mgmt. Pension Fund v. Freeman-Carder LLC*, 498 F. Supp. 2d 237, 242 (D.D.C. 2007). Thus, injunctive relief is warranted. *Accord Bricklayers & Trowel Trades Int'l Pension Fund v. Barron*, 317 F. Supp. 3d 157, 163 (D.D.C. 2018).

The Court will direct Buffalo Veneer to file complete and timely monthly reports for all periods required under the parties' agreements and to timely pay all contributions to the Pension Fund that may become due after the entry of judgment.[3]

**IV.**

For these reasons, the motion for default judgment will be granted. A separate Order will issue.

Dated: October 8, 2020                                           TREVOR N. McFADDEN, U.S.D.J.

---

[3] This injunction also satisfies the relief requested in the third claim of the Complaint. *See* Compl. ¶¶ 44–48.